IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41371
Summary Calendar
_____


JAMES EARL MINIX,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:96-CV-60
- - - - - - - - - -

January 28, 1999

Before KING, Circuit Judge, BARKSDALE, and STEWART, Circuit
Judges.

PER CURIAM:[*]

James Earl Minix, TDCJ #551618, seeks a certificate of
appealability (COA) to appeal the district court's dismissal of
his petition for writ of habeas corpus, filed pursuant to 28
U.S.C. § 2254. Minix argues that he was denied Due Process and
Equal Protection, that trial counsel was ineffective, and that
the wrong parole statute was applied to his sentence.

Since he filed his § 2254 petition prior to the enactment of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the Antiterrorism and Effective Death Penalty Act, Minix must obtain a certificate of probable cause (CPC).  Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997).  To obtain a CPC, Minix must make a substantial showing of the denial of a federal right.  See Barefoot v. Estelle, 463 U.S. 880, 893 (1983).  Minix has met this standard, and his CPC motion is GRANTED.

In his second ground for relief, Minix alleges that counsel failed to advise him regarding parole eligibility, that counsel gave inadequate advice about the sentence being non-aggravated, and that counsel failed to object to an inaccurate presentence investigation report.  He made these same claims in his first and second state habeas petitions.  These claims are exhausted.  Minix's other two claims were not exhausted, and the district court did not err in finding that they would be procedurally barred.

Since Minix filed a mixed petition with both exhausted and unexhausted claims, Minix should be allowed the opportunity to amend his petition by deleting the unexhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  The judgment of the district court is affirmed in part and vacated in part, and the matter is remanded to allow the district court to give Minix the opportunity to amend his petition by deleting his unexhausted claims and to proceed with his exhausted claims.

CPC GRANTED.  AFFIRMED IN PART, VACATED IN PART AND REMANDED.